FILED

JUN 1 2 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CRAIG STEPHENS,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | CASE NOS. 14-CV-1019-BEN<br>　　　　　　　13-CR-0828-BEN-1<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE MOTION TO VACATE, CORRECT, OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY**<br><br>[Docket No. 55] |

　　　Petitioner Gary Craig Stephens has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Docket No. 55[1]). The United States filed a Response and Opposition on April 29, 2014. (Docket No. 58). Petitioner's Traverse was due on May 30, 2014, but none has been received by this Court.

　　　Petitioner was arrested on or about February 8, 2013 for enticement of a minor in violation of 18 U.S.C. § 2422(b). On April 25, 2013, Petitioner signed a Plea Agreement with the Government. (Gov. Ex. 1). In his Plea Agreement, Petitioner waived his right to appeal or collaterally attack his plea, conviction, or sentence. (*Id.* ¶ XI). Petitioner also acknowledged that he was satisfied with the representation of his

---

[1] All docket numbers refer to the criminal docket, 13-CR-828-BEN-1.

counsel. (*Id.* ¶ XVI).

Pursuant to the Plea Agreement, Petitioner pled guilty to conspiracy to commit sex trafficking of a minor in violation of 18 U.S.C. § 1594(c). (Docket No. 34). This Court sentenced Petitioner to 120 months in custody on March 24, 2014. (Docket No. 52). Judgment was entered on August 10, 2014. (Docket No. 53). Petitioner filed the instant Motion to Vacate on April 15, 2014, asserting ineffective assistance of counsel. (Docket No. 55). On April 17, 2014, the Ninth Circuit Court of Appeals received Petitioner's Notice of Appeal. (Docket No. 54).

The Government asks this Court to deny the Motion to Vacate as premature. It contends that although Petitioner may not be successful in his arguments before the Ninth Circuit, his appeal has not yet been rejected. (Resp. at 3 & n.1).

A district court should not entertain a habeas corpus petition while there is an appeal pending in the Ninth Circuit or in the Supreme Court. *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991); *see also United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (section 2255 not an inadequate or ineffective remedy for ineffective assistance of counsel claims because of "the delay in considering a section 2255 motion caused by a pending appeal"); *Feldman v. Henman*, 815 F.2d 1318, 1320-21 (9th Cir. 1987) (courts lack jurisdiction and should not consider habeas petitions while a direct appeal is pending because disposition of the appeal may render habeas relief unnecessary).

Review of the record reveals that Petitioner has appealed his conviction to the Ninth Circuit, and that his appeal has not yet been resolved. Accordingly, the Motion to Vacate is **DENIED WITHOUT PREJUDICE** as premature.

Unless the motion and the records of a case conclusively show that the prisoner is entitled to no relief, a court is required to grant a hearing. 28 U.S.C. § 2255(b). However, where the record demonstrates that a petitioner has failed to state a claim, a district court may deny a § 2255 motion without an evidentiary hearing. *Quan*, 789 F.2d at 715. As the record reveals that this motion is premature, no evidentiary hearing

1  is required.

2　　　A court may issue a certificate of appealability where the petitioner has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the petition should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). As this motion is premature, a certificate of appealability is **DENIED**.

　　　**IT IS SO ORDERED.**

DATED: June /, 2014

　　　　　　　　　　　　　　　　　HON. ROGER T. BENITEZ
　　　　　　　　　　　　　　　　　United States District Court Judge