UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CRAIG STEPHENS,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case Nos.: 14-cv-1019-BEN<br>13-CR-828-BEN-1<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed by Gary Craig Stephens. (Crim. Docket No. 67.) Respondent filed an Opposition. (Crim. Docket No. 75.) For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

Stephens pled guilty to conspiracy to engage in sex trafficking in violation of 18 U.S.C. § 1594(c).

Stephens claims he was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel, Kris Kraus, lost character letters written on behalf of Stephens, and failed to inform Stephens that he had lost the letters. In support, Stephens submitted a letter written by a Roxanne Della McNiel, who attests that she wrote a character letter on Stephens' behalf to be presented at sentencing. (Crim. Docket No. 74,

Ex. A.) At the time Ms. McNiel sent the letter to Mr. Kraus, she also sent a copy of the letter to Stephens. (*Id.*)

## LEGAL STANDARD

Under section 2255, a movant is entitled to relief if the sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). Under the Sixth Amendment, a criminal defendant is guaranteed the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). Thus, ineffective assistance of counsel is a ground for section 2255 relief. *See Massaro v. United States*, 582 U.S. 500, 502 (2003).

A claim for ineffective assistance of counsel is established by showing that (1) counsel's performance was deficient and (2) the movant was prejudiced as a result of that deficient performance. *Strickland*, 466 U.S. at 687. To establish deficient performance, a movant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Counsel's representation must fall below an objective standard of reasonableness. *Id.* at 687-88. There is a strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." *Id.* at 689.

To establish prejudice, a movant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The movant has the burden of showing that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694-96. Moreover, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice," a court may examine the prejudice component without determining whether counsel's performance was deficient. *Id.* at 697.

## DISCUSSION

The Court need not discuss whether Stephen's trial counsel performed deficiently,

because even if he had, Stephens cannot meet his burden of showing that he was prejudiced by any deficient performance.

Stephens argues that had Mr. Kraus not lost the character letter, his sentence might have been different. He contends that the letter "*could* have assisted [the Judge] in making a dif[f]erent decision." (Mot. at 2 (emphasis added).) Although Stephens is correct that had the letter been read during sentencing, it is possible that the Court may have ordered a lesser sentence; but it is not reasonably probable.

Mr. Kraus attests that he learned that a character letter, written by one of Stephens' professors, had been lost shortly before the sentencing hearing. (Opp'n, Ex. 2, Decl. of Kris Kraus ¶ 3.) He informed Stephens of the missing letter and recalls that Stephens had no desire to continue sentencing. (*Id.* ¶ 4.) Nor did Stephens have a problem with Mr. Kraus summarizing the letter at the hearing. (*Id.*) During Stephens' sentencing hearing, Mr. Kraus summarized the letter, paraphrasing that Stephens was and could continue to be a benefit to society by speaking to at-risk youth. (Opp'n, Ex. 1, Sent. Tr. at 35.) Even before the missing letter was summarized, the Court had already been informed of Stephens' experience speaking with troubled youth and his goal of being a positive role model to the community. (Opp'n, Ex. 1, Sent. Tr. at 15.)

The Court also noted Stephens' demeanor for the record. The Court stated: "I have a feeling that nothing that I've said, nothing that we will do, is going to change his attitude one tiny little bit. I honestly don't think he is remorseful. I don't think he really feels any compassion or remorse towards the victims." (Sent. Tr. at 48.) In spite of this, the Court sentenced Stephens to 120 months in custody—fifteen months below the low end of the guideline range. (*See* Sent. Tr. at 42 ("That results in a guideline range of 135 to 168 months.").)

Stephens failed to present any evidence that would have changed his sentence. Speculation is insufficient. *See Anderson v. Johnson*, 182 F.3d 924, at *2 (9th Cir. 1999) (unpublished) (citing *Cooks v. Spalding*, 660 F.2d 738, 740 (9th Cir. 1981)). Accordingly, Stephens cannot meet his burden to show prejudice.

## CONCLUSION

Stephens' Motion under 28 U.S.C. § 2255 is **DENIED**. The Court also **DENIES** a certificate of appealability, as Stephens has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); Rule 11 foll. 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Dated: January 11, 2016

Hon. Roger T. Benitez
United States District Judge